UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN VAN DUSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No. 16-cv-04192-EDL<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; REPORT AND RECOMMENDATION TO DISMISS CLAIMS AGAINST IMMUNE DEFENDANTS AND REASSIGNING CASE** |

On July 25, 2016, Plaintiff Jan Van Dusen filed a complaint against the County of Alameda, Alameda County District Attorney Nancy O'Malley, Director of ACCESS Program at the Alameda County Behavioral Health John Stenson, and President of the Board of Supervisors of Alameda County Scott Haggerty, as well as several dozen judges and commissioners of Alameda County Superior Court. Because none of the parties have yet consented to this Court's jurisdiction, the Court issues this report and recommendation and reassigns this case to a district judge. For the reasons set forth below, the Court grants the IFP Application and recommends dismissing the claims against the President of the Board of Supervisors and Alameda County Superior Court judges and commissioners.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." The court may dismiss claims sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action or that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare

1    prospective defendants the inconvenience and expense of answering such complaints.  Neitzke v.
2    Williams, 490 U.S. 319, 324 (1989).
3    	Plaintiff's IFP Application adequately alleges her poverty.  Her total monthly income is
4    $2,823.94 ($790.94 in net income from her employment at Home Depot, $1433 in social security,
5    and $600 in rent).  She owns a $400,000 home and an unfinanced car.  The monthly expenses
6    listed in her application total $2,276.37 ($1316.37 in mortgage payments, $410 in utilities, $500
7    for food, $25 for clothing, and $25 for her credit card bill).  An "Income and Expense Declaration"
8    attached to the application states that she also pays $26/month to the Franchise Tax Board in court
9    fees and back taxes, $50/month to the IRS in back taxes, $86/month to Earth Circles Counseling
10   for court-ordered counseling, and $10/month to Central Collections for Restitution, which brings
11   her total monthly expenses to $2,448.37.  Accordingly, the difference between her monthly
12   income and monthly expenses is $375.57.
13   	Plaintiff's claims against the County of Alameda, District Attorney, and Director of the
14   ACCESS Program comply with 28 U.S.C. Section 1915 because Plaintiff adequately pleads that
15   these Defendants were responsible for implementing California Penal Code Section 597(h), and
16   they are not immune to suit for injunctive relief.  See Alden v. Maine, 527 U.S. 706, 710 (1999);
17   Will v. Mich. Dep't of State Police, 491 U.S. 58, 58 (1989); Roe v. City & Cty. of San Francisco,
18   109 F.3d 578, 586 (9th Cir. 1997).  Thus, IT IS ORDERED that the Clerk issue summons as to
19   these Defendants, and IT IS FURTHER ORDERED that the U.S. Marshal for the Northern
20   District of California serve, without prepayment of fees, a copy of the complaint, any
21   amendments, scheduling orders, attachments, plaintiff's affidavit and this order upon these
22   Defendants.
23   	However, Plaintiff's claims against the President of the Board of Supervisors and Superior
24   Court judges and commissioners do not comply with 28 U.S.C. Section 1915 because they fail to
25   state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).  The former claims are barred by legislative
26   immunity.  See Schmidt v. Contra Costa Cnty., 693 F.3d 1122, 1132 (9th Cir. 2012); Therriault v.
27   Mikkelsen, 145 F.3d 1341 (9th Cir. 1998).  The latter are barred by judicial immunity.  See 42
28   U.S.C. § 1983; Moore v. Fruin, No. CV 12-03140-ODW (OP), 2013 WL 1859043, at *5 (C.D.

1  Cal. Mar. 29, 2013), report and recommendation adopted, 2013 WL 1858752 (C.D. Cal. Apr. 30,
2  2013), aff'd, 601 F. App'x 563 (9th Cir. 2015).
3       Accordingly, the Court recommends that these claims be dismissed with prejudice.  Any
4  party may serve and file specific written objections to this recommendation within fourteen (14)
5  days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil
6  Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal
7  the District Court's order.

**IT IS SO ORDERED.**

Dated: 8/15/2016

ELIZABETH D. LAPORTE
United States Magistrate Judge