IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAN VAN DUSEN,

    Plaintiff,

    v.

COUNTY OF ALAMEDA, et al.,

    Defendants.

Case No. 16-cv-04192-MMC

**ORDER DISMISSING ACTION**

On August 23, 2016, the above-titled action was reassigned to the undersigned. Having read and considered the complaint and the other filings comprising the record, the Court rules as follows.

## BACKGROUND

In her complaint, plaintiff Jan Van Dusen alleges that, on June 19, 2014, in the Superior Court of California, in and for the County of Alameda, she was convicted of a "felony violation" of § 597(b) of the California Penal Code. (See Compl. ¶ 5.) At the sentencing hearing, conducted July 25, 2014, the Superior Court suspended imposition of a sentence and placed plaintiff on "formal probation" for a period of five years. (See Compl. ¶ 6, Exs. A-1, A-2.) One of the "felony probation conditions" the Superior Court imposed is the following: "Pay for and successfully complete at least 3 years of mental health counseling, one year of which is related to the treatment of animal hoarding pursuant to 597(h) PC." (See Compl. ¶ 6, Ex. A.) Plaintiff alleges the judgment is presently "on appeal." (See Compl. ¶¶ 3, 5.)

According to plaintiff, after the July 2014 hearing, she attempted to locate counseling services, and was unable to obtain such services "through the county or

1  through [her] health insurance." (See Compl. ¶ 9.) Plaintiff alleges that, beginning in
2  "approximately April or May 2015," she was able to obtain counseling from a "private
3  counseling center" (see Compl. ¶ 10), but that, in May 2016, she became financially
4  unable to pay for such counseling (see Compl. ¶¶ 10, 42). Plaintiff further alleges that, as
5  of May 2016, she has been unsuccessful in obtaining counseling at no cost to herself.
6  (See Compl. ¶¶ 13-15.)
7  　　　By the instant action, plaintiff seeks to be relieved from the Superior Court's order
8  that, as a condition of probation, she obtain counseling, for the asserted reasons that, "as
9  applied and facially[,] the counseling requirement imposed by Penal Code § 597(h)
10 violates the Eighth and Fourteenth Amendments" (see Compl. at 9:10-12), and that
11 § 597(h) is "unconstitutional as administered" (see Compl. at 14:17-18). Alternatively,
12 plaintiff seeks an order requiring the County, rather than plaintiff, to pay for the
13 counseling. (See Compl. at 16:27 - 17:2.)

## DISCUSSION

15 　　　By order filed August 15, 2016, the Honorable Elizabeth D. Laporte, the magistrate
16 judge to whom the matter was previously assigned, granted plaintiff's application to
17 proceed in forma pauperis. Where, as here, a party files an in forma pauperis complaint,
18 the complaint is subject to dismissal, sua sponte, if the plaintiff has failed to state a
19 cognizable claim. See 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122,
20 1126-29 (9th Cir. 2000) (holding § 1915(e)(2) authorizes district court to dismiss, sua
21 sponte, in forma pauperis complaints, where plaintiff fails to state cognizable claim).
22 　　　Here, pursuant to § 1915(e)(2)(B)(ii), Magistrate Judge Laporte, in her order of
23 August 15, 2016, recommended the district court dismiss plaintiff's claims against eighty
24 judges and commissioners of the Alameda County Superior Court and her claims against
25 the President of the Board of Supervisors of Alameda County. In response thereto,
26 plaintiff filed a document titled "Dismissals of Judges, Commissioners and President of
27 Board of Supervisors," in which she voluntarily dismissed her claims against the eighty
28 judges and commissioners, as well as her claims against the President of the Board of

1  Supervisors.  Accordingly, the recommendation to dismiss plaintiff's claims against those
2  defendants is moot.
3        Three defendants remain, namely, the County of Alameda and two individual
4  defendants:  Nancy O'Malley, Alameda County District Attorney, and John Stenson, M.D.,
5  the Director of the ACCESS Program, Alameda County Behavioral Health Services
6  Agency.  As to said three defendants, the magistrate judge found plaintiff had adequately
7  pleaded their "responsib[ility] for implementing California Penal Code § 597(h)" and
8  further found said defendants "are not immune to suit for injunctive relief."  (See Order,
9  filed August 15, 2016, at 2:13-16.)  The magistrate judge did not, however, determine
10  whether plaintiff's claims were otherwise cognizable.  The Court next turns to that issue.
11        As relief for her claims, plaintiff seeks various orders, each of which, if granted,
12  would prohibit enforcement of the Superior Court's order requiring plaintiff to obtain
13  counseling at her own expense.  First, plaintiff seek an order "barring" enforcement of the
14  Superior Court's order that she obtain the subject counseling and "barring" any defendant
15  from taking action against plaintiff based on her "noncompliance" with the counseling
16  requirement (see Compl. at 18:15-23), on the theory that the counseling requirement is
17  unconstitutional (see Compl. ¶¶ 17-24, 26, 28-33).  Additionally, plaintiff seeks an order
18  "barring" the "unconstitutional[ ] administering [of] Penal Code § 597(h)" (see Compl. at
19  18:24-26), on the theory that, even if § 597(h) is not subject to a facial challenge, the
20  Superior Court nonetheless violated plaintiff's constitutional rights by imposing the
21  counseling condition without relying on "any psychological evaluation or expert
22  testimony" that plaintiff has "a behavioral or conduct disorder" (see Compl. ¶ 34).  Lastly,
23  plaintiff seeks an order requiring the County, rather than plaintiff, to "pay for [p]laintiff's
24  counseling."  (See Compl. at 19:1-3.)  The Court, as set forth below, finds plaintiff is not
25  entitled to the relief requested.
26        First, as noted, plaintiff alleges she has filed a notice of appeal from the judgment
27  entered by the Superior Court, and that the appeal is pending.  Under such
28  circumstances, plaintiff's claims are barred under Younger v. Harris, 401 U.S. 37 (1971).

As explained in Younger, it is "settled" law that a state criminal defendant may not seek "equitable relief" from a district court to prohibit the state court from applying an allegedly unconstitutional state statute, where criminal proceedings remain "pending in the state court" and the federal plaintiff has, as here, an "opportunity to raise [his/her] constitutional claims" in state court. See id. at 49. In this instance, plaintiff seeks various forms of equitable relief to prohibit enforcement of a state court order while the state proceedings, in light of the pendency of the direct appeal from the judgment of conviction, are ongoing. See New Orleans Public Service, Inc. v. Council, 491 U.S. 350, 369 (1989) (holding where "state trial court has entered judgment, the losing party cannot, of course, pursue equitable remedies in federal district court while concurrently challenging the trial court's judgment on appeal").

Moreover, even if no appeal were pending and the challenged judgment had become final, district courts "possess no power whatever to sit in direct review of state court decisions." See Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970). Here, in order to grant plaintiff any of the relief she seeks, the Court would be required to find the Superior Court committed error when it ordered plaintiff, as a condition of probation, to obtain counseling at her own expense. As the United States Supreme Court has held, however, this Court has "no power" to make such a finding. See id.

In sum, as plaintiff's complaint fails to state a cognizable claim against any of the remaining defendants, the complaint is subject to dismissal. Further, the Court finds leave to amend would be futile. See Lopez, 203 F.3d at 1129 (holding, where in forma pauperis complaint is dismissed pursuant to § 1915(e)(2), leave to amend properly denied where complaint cannot "possibly be saved").

Accordingly, the complaint will be dismissed without leave to amend.[1]

---

[1] In light of the dismissal, plaintiff's Motion for Permission for Electronic Case Filing is hereby DENIED as moot.

**CONCLUSION**

For the reasons stated above, the above-titled action is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: September 2, 2016

*Maxine M. Chesney*
MAXINE M. CHESNEY
United States District Judge